UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:16-cr-68-FtM-38CM

JORGE GUERRERO-TORRES

### **ORDER**[1]

This matter comes before the Court on Defendant Jorge Guerrero-Torres' Motion for Release of Defendant's Property (Doc. 116) and the Government's response in opposition (Doc. 122).[2]

This case started as a missing child investigation led by the Lee County Sheriff's Office ("LCSO"). During the investigation, law enforcement seized the following cars in Florida that allegedly belonged to Defendant or his family:

- 2008 Chevrolet Malibu in Okeechobee;
- 2005 GMC Safari in Orlando; and
- 2003 Buick Park Avenue in Bonita Springs.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court ordered Defendant to file a reply to the Government's response – an order that was not followed. (Doc. 123). It should be understood that the Court's orders are not mere suggestions that can be ignored. The Court expects compliance with all of its orders.

Since then, the Court sentenced Defendant to prison after a jury convicted him of possessing and producing child pornography. (Doc. 113). Defendant now moves the Court to order the Government to release the cars to his family. (Doc. 116). For the following reasons, the Court denies Defendant's motion.

To start, the Court lacks jurisdiction to consider Defendant's motion as to the Chevrolet Malibu. Federal Rule of Criminal Procedure 41(g) governs a motion to return property, and states, in pertinent part, that a person must file a motion to return his property "in the district where the property was seized." Fed. R. Crim. P. 41(g). Here, the Malibu was seized in Okeechobee, Florida, which is part of the Southern District of Florida. Defendant must seek relief in that district for the return of the Malibu.

The remaining two cars – GMC Safari and Buick Park Avenue – fare no better. The Government states that the Buick Park Avenue has already been returned to its owner. (Doc. 122 at 2). Even setting aside that point, the LCSO took and kept both cars into its possession. Because a federal agency does not have possession (actual or constructive) of either car, Rule 41(g) is unavailable to Defendant. *See United States v. Garcon,* 406 F. App'x 366, 370 (11th Cir. 2010) (holding that the government could not be required to return seized currency because it had turned over the money to the local police department). What is more, the cars are part of the LCSO's ongoing state investigation into the missing child, an investigation in which Defendant is the lead suspect. For these reasons, the Court denies Defendant's motion.

Accordingly, it is now

**ORDERED:**

Defendant Jorge Guerrero-Torres' Motion for Release of Defendant's Property (Doc. 116) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this September 19, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record